The Court
(Judges Duvall and Houston)
declared, That the letters patent in controversy were issued conformably to law: That the declaration was good and sufficient to maintain the plaintiff’s case established in proof; some of the counts alledging that the defendant used the patented improvements generally, and others, part of the improvements: That the plaintiff’s conveyor, being a new and useful improvement on the continued spiral screw, and applied to a new and useful purpose, entitled him to a patent for his improved conveyor: That the second proviso in the act for Evans’s relief, passed January 21, 1808, protected the defendant from any liability to pay damages for using the machinery without a license, previously to the granting of the license, but not for any subsequent use: And that, in the opinion of the Court, the act referred to is not an ex post facto law; for that relates to criminal cases only: That it does not impair the the obligation of contracts, or interfere with any rights previously acquired by the community: That on the contrary, the Legislature has evinced its attention to in *215 dividual rights, by exempting, in a special proviso, all persons, from the obligation to renew a license purchased under the former patent: That Congress have the exclusive right, by the Constitution, to limit the times for which a patent right shall be granted, and are not restrained from renewing a patent or prolonging the time of its continuance; more especially in the present case, where the patent granted in the first instance had been decided by judicial authority to be null and void, on account of some defect in the patent.